## Case No. 14,656a.

### UNITED STATES v. BROWN.[1]

#### Circuit Court, S. D. New York.[2]

HOMICIDE — CORPUS DELICTI — PRESUMPTIVE EVIDENCE—HOW EVIDENCE TO BE WEIGHED.

[The law does not now require direct proof of the killing, or that the body was afterwards found. It does not prescribe any positive or exclusive mode of proof, but admits individual or presumptive evidence to prove the fact of death, with the admonitory caution, however, that it be weighed with scrupulous circumspection. See U. S. v. Mathews, Case No. 15,741a.]

Brown, otherwise called Baker, with two others of the crew, was indicted for the murder of the master of the schooner Sarah Lavinia in July, 1843, upon the high seas, by drowning. He was tried in the circuit court before Betts, District Judge, in December, 1843, and convicted and adjudged to execution. The proof was that the mate was thrown overboard by the prisoner and his associates intentionally, but there was no proof that his body was seen after his death. The defense was taken that there was no legal proof of the corpus delicti.

A fact indispensable to the maintenance of the indictment is that Walter A. Nicoll, the former mate of the schooner Sarah Lavinia, is dead. The identity of the accused, his violent struggle and conflict with —— on board the vessel, out at sea, with a murderous purpose, and even the absence of —— since that occurrence, do not necessarily import his death by violence. The substance of the crime is the killing, and that fact must be proved to the full conviction of the jury. It is a question of law what description of evidence is competent and must be given to establish the fact. The rule declared by very high authority, and in terms which it is supposed exclude all other evidence than direct proof of the killing or that the dead body was afterwards found (2 Hale, P. C. 290), is not sustained by the later authorities in England or this country.

## Case No. 14,657.

### UNITED STATES v. BROWN.

#### [1 Cranch, C. C. 210.][1]

#### Circuit Court, District of Columbia. Dec. Term, 1804.

## Case No. 14,658.

### UNITED STATES v. BROWN.

#### [3 Cranch, C. C. 268.][1]

#### Circuit Court, District of Columbia. Dec. Term, 1827.

WITNESS—FORGERY—PERSON WHOSE NAME IS FORGED—ORDER.

1. The person whose paper is forged, is a good witness for the prosecution.
[Cited in U. S. v. Anderson, Case No. 14,452.]

2. The following is "an order for the payment of money, or delivery of goods," within the sec-

---

[1] [Not previously reported.]
[2] [Date not given.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

ond section of the Maryland act of 1799, c. 75, namely: "Mr. E. M. Linthicum will please let the bearer, John Brown, have such articles as he may choose on my account, to the value of thirty dollars; also twenty dollars in cash, and oblige his friend, Henry Tayloe. For Col. John Tayloe. Washington City, 24th December, 1827."

[Cited in Garmire v State, 104 Ind. 445, 4 N. E. 55; Long v. Straus, 107 Ind. 103, 6 N. E. 123, and 7 N. E. 766.]

Indictment for knowingly uttering as true, and with intent to defraud E. M. Linthicum and John Tayloe, the following forged order, namely: "Mr. E. M. Linthicum will please let the bearer, John Brown, have such articles as he may choose, on my account, to the value of thirty dollars; also twenty dollars in cash, and oblige his friend, Henry Tayloe. For Col. John Tayloe. Washington City, 24th December, 1827." The said Henry Tayloe was offered as a witness, to prove that it was not his signature.

Mr. Bradley, for the prisoner, objected that the party, whose name is forged, is not a competent witness for the prosecution. Archb. Cr. Pr. 96.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection, and suffered the witness to be sworn and examined.

CRANCH, Chief Judge, mentioned the case of U. S. v. Peacock [Case No. 16,019], in this court, at December term, 1804, in which Mr. Sloane, a member of congress, was permitted to testify that the signature James Sloane, upon the forged bill, was not written by him.

Mr. Bradley then objected that the forged paper was not such an order for the payment of money, or delivery of goods, as was intended by the second section of the Maryland act of 1799, c. 75, and cited 1 Leach, 134; Williams's Case, Id. 114; and note to Lockett's Case, Id. 95.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection, on the authority of U. S. v. Bates [Case No. 14,542], in this court, in June, 1810; but told Mr. Bradley that he might avail himself of it, on motion in arrest of judgment, when the point might be fully considered. Cur. ad. vult.

At May term, 1828. THE COURT overruled the motion in arrest of judgment, and sentenced the prisoner to fine and imprisonment.